Ralph S. Prickett and Anna Jane Prickett v. Commissioner.
Prickett v. Commissioner
Docket No. 1416-65.
United States Tax Court
T.C. Memo 1967-2; 1967 Tax Ct. Memo LEXIS 259; 26 T.C.M. (CCH) 5; T.C.M. (RIA) 67002; January 5, 1967
*259 Held: Petitioners were engaged in the business of cattle ranching and are entitled to deduct losses sustained in the operation of their ranch as trade or business expenses under section 162 of the I.R.C. of 1954. [The taxpayers were entitled to an investment credit for depreciable property acquired for the ranch.] Clarence J. Ferrari, Jr., 300 W. Hedding St., San Jose, Calif., and James E. Jackson, for the petitioners. Sheldon M. Sission, for *260 the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined a deficiency in the income taxes of petitioners for the years 1961, 1962 and 1963 in the amounts of $1,118.04, $1,517.24 and $2,427.21, respectively. The primary issue is whether petitioners are entitled to deduct losses incurred in the operation of a cattle ranch under either section 162 of the Internal Revenue Code of 1954[1] relating to trade or business deductions, or section 212 relating to expenses for the production of income. The parties agree that the resolution of this issue will decide the secondary issue of whether petitioners are entitled to an investment credit under section 38 for certain depreciable property acquired for the ranch in 1963. A minor adjustment for the year 1962 was conceded by petitioners. Findings of Fact Some of the facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners are husband and wife who reside at *261 Sunnyvale, California. They filed their joint Federal income tax return for the year 1961 with the district director of internal revenue at Los Angeles, California, and their joint returns for 1962 and 1963 with the district director of internal revenue at San Francisco, California. Petitioner Ralph S. Prickett (hereinafter referred to as Ralph) is an engineer. He graduated from the University of Indiana with a major in physics and a minor in mathematics and chemistry. After three years in the Army, he worked for Sandia Corporation in Albuquerque, New Mexico, as a test engineer at a salary of around $7,000 per year. From 1951 to 1959 he was employed at the Naval Ordnance Test Station at China Lake, California, as a project engineer and research scientist for an annual salary of about $10,000. Thereafter he worked for General Electric in Santa Barbara, California, for approximately four years as a senior staff engineer. For the past three years, Ralph has been employed as an advance systems engineer by Lockheed Corporation in Sunnyvale, California, for a salary of $18,200. At both General Electric and Lockheed his hours were from 8 a.m. until 5 p.m. Petitioner became interested *262 in cattle raising at an early age. While a Boy Scout in Bloomington, Indiana, his boyhood home, Ralph earned every merit badge in animal husbandry and farming. He became specifically interested in acquiring and operating a cattle ranch toward the latter part of his tour of duty in the Army. While working in New Mexico, he and his wife, petitioner Anna Jane Prickett (hereinafter referred to as Anna), on weekends looked for a ranch to purchase. After moving to California they continued to search for a ranch to buy approximately once a month on weekend trips and vacation hunting trips. From the time he became interested in acquiring a ranch, Ralph collected books and studied data concerning the cattle ranching business and talked to ranchers about the business when Anna and he were on trips looking for a ranch to buy. In 1957 petitioners purchased a ranch consisting of approximately 1,300 acres near Fort Jones in the northern part of California about 400 miles from Sunnyvale. They had previously studied the suitability of that area of California for cattle ranching. The purchase price of the ranch was $21,000 with a $7,000 down payment. Petitioners raised the money for the down payment *263 by selling all but a few shares of certain common stock which Anna had inherited. Petitioners renamed the ranch the Highland Ranch. The ranch had improvements consisting of a small house, a barn, a shop, a guest house, a garage, a chickenhouse, water wells and fencing. Subsequent to purchasing the ranch petitioners tore down two outbuildings which were in poor repair and made repairs on other of the buildings, including putting a new roof on the barn. They bought equipment for the ranch, including a Grassland seed drill, a tractor and a reconditioned bulldozer and planted 65 acres of alfalfa, in addition to 60 acres already planted, in line with a conservation report obtained from the Siskiyou County Soil Conservation District authorities. In 1958 petitioners bought one bull, two cows and two heifers of a breed of cattle known as Santa Gertrudis. It was petitioners' intention to develop a herd of purebred cattle to sell for breeding purposes, but because of poor calf crops in certain years it was necessary to sell some cattle for commercial consumption. All bull calves were sold for purebred breeding purposes. In 1961 and 1962 petitioners had 11 and 13 head of cattle, including *264 one bull. At the time of the trial, petitioners owned approximately 16 head of cattle. During the three years in issue petitioners lost 3 cows and approximately 15 calves due primarily to disease, such as bloat and scours, or other causes. Ralph was instrumental in organizing a local organization of the Santa Gertrudis Breeders International known as The Far West Santa Gertrudis Association covering California, Oregon, Nevada, Arizona, and Hawaii, as a means of increasing the acceptance and promotion of this breed of cattle. Petitioners generally go to work on the ranch approximately four times a year, once for two weeks in the spring when Ralph takes his paid vacation, sometimes on weekends and part of the time when Ralph is on vacation without pay. All of the family, including petitioners' three children, work on the ranch at these times. In the winter the cattle are cared for and fed by neighboring ranchers with whom petitioners maintain contact by phone. In the fall petitioners do some hunting on the ranch and occasionally invite a friend or two to hunt with them. They otherwise do no entertaining on the ranch. Petitioners maintain an office in their home in Sunnyvale where *265 Ralph keeps books and studies cattle ranching. With the help of a certified public accountant petitioners set up books of account of their Highland Ranch operations which Anna keeps. They maintain a bank account under the name of Highland Ranch in the Scotts Valley Bank in Fort Jones, California, which is separate and distinct from their personal account. Some of the equipment initially purchased for the ranch was bought with the money received from the sale of Anna's inherited stock. All other ranch expenses were paid for out of petitioners' salaries. Petitioners have no investment except a savings account which they use periodically for ranch improvements and a Lockheed group life insurance policy covering Ralph and other employees. In 1961 Anna took courses to qualify for a teaching certificate and thereafter taught in the California public school system to help finance the ranch operations. On their joint Federal income tax returns for 1961, 1962, and 1963 petitioners reported farm expenses in the amounts of $1,545.77, $2,381.02 and $3,289.69, respectively, and depreciation on farm property in the amounts of $3,145.79, $2,919.21 and $4,020.14, respectively. They reported no *266 farm income in 1961 and 1962 and income from the sale of two cows and one bull in 1963 in the amount of $621.21. In his statutory notice of deficiency dated January 25, 1965, respondent disallowed the farm losses in the amounts of $4,691.56, $5,300.23, and $6,688.62 claimed by petitioners on their returns for 1961, 1962, and 1963, respectively. Respondent also disallowed an investment credit in the amount of $288.62 claimed by petitioners on their 1963 return. During the taxable years in issue petitioners were engaged in the business of cattle ranching on the Highland Ranch. Opinion The principal issue is whether petitioners may deduct expenses incurred in the operation of the Highland Ranch during the taxable years involved. They claim that the amounts in issue were expenses incurred in carrying on a trade or business deductible under section 162, [2] or in the alternative, were expenses incurred for the production of income deductible under section 212. [3]
*267 Respondent contends that petitioners operated the Highland Ranch as a hobby, and without an eye to profit. Under the facts and circumstances of this case, we find that petitioners were operating the Highland Ranch with the intent to make a profit. Unlike the taxpayer in Margit Sigray Bessenyey, 45 T.C. 261, petitioners were not persons of substantial means. During the years involved petitioners' combined gross income, as reported on their joint income tax returns for 1961, 1962, and 1963, was $14,388.78, $19,327.88, and $23,300.19, respectively, consisting entirely of Ralph's salary as an engineer and Anna's wages as a school teacher. In 1957 when they purchased the Highland Ranch, their sole means of support, with the exception of insubstantial dividend and interest income, consisted of Ralph's salary of approximately $10,000 per annum from the Naval Ordnance Test Station at China Lake, California. With the exception of a few shares, Anna sold all of the common stock inherited by her to pay the $7,000 down payment on the ranch and for some of the equipment initially purchased for the ranch. Anna took courses to qualify for a teaching certificate and began teaching *268 in the California public school system in 1961 in order to supplement the amount available from Ralph's salary for improving the ranch. During the years in issue all of the expenses in connection with the ranch were paid for out of petitioners' salaries. Petitioners have no investments other than a savings account which is used for ranch improvements and a beneficial interest in a group life insurance policy covering Ralph and other Lockheed employees. Since purchasing the ranch, petitioners have followed a carefully planned program for improving the ranch and developing a herd of purebred Santa Gertrudis cattle. They have purchased equipment and cattle, made repairs, and planted additional acres of alfalfa as their time and money allowed. Ralph spends his paid vacation, weekends and some time without pay working on the ranch; the whole family, including petitioners' three children, contribute to the ranch chores. They do little, if any, entertaining on the ranch. Ralph plans to move his family to the ranch and make cattle ranching his sole occupation. Petitioners' expenditure of time and money from meager resources does not indicate that they were operating Highland Ranch as a hobby. *269 Nor is their expectation of profit from the ranch so unreasonable as to throw doubt on petitioners' intention. We have found as a fact, and so hold, that in addition to their respective occupations of engineering and teaching, petitioners were engaged in the business of cattle ranching during the taxable years in issue. They are therefore entitled to deduct expenses incurred in the operation of the Highland Ranch during those years as trade or business expenses under section 162. Cf. Theodore Sabelis, 37 T.C. 1058; Dean Babbitt, 23 T.C. 850; Norton L. Smith, 9 T.C. 1150. Our finding makes it unnecessary to consider whether the amounts in issue are deductible under section 212, and as the parties agree, disposes of the secondary issue of whether petitioners are entitled to an investment credit under section 38 in the taxable year 1963. Decision will be entered under Rule 50. Footnotes
1. Except as otherwise indicated, all section references hereinafter will refer to the Internal Revenue Code of 1954.↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * ↩
3. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - (1) for the production or collection of income; * * *↩